RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV 27  P 2: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan M. Bustos, #243391, ) | C. A. No. 06-1205-MBS-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Faulkenberry; and Henry ) | |
| D. McMaster, Attorney General ) | |
| for South Carolina, ) | |
| ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on August 23, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Juan M. Bustos, is presently confined in the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Pickens County Clerk of Court. The Pickens County Grand Jury indicted Petitioner at the July 1997 term of court on three counts of trafficking a controlled substance (97-GS-39-1305, 1306, 1307). Everett P. Godfrey, Esquire, represented the petitioner. On August 11, 1997, Petitioner pled guilty as charged, before the Honorable C. Victor Pyle. 2005 App. pp. 1-26. Judge Pyle sentenced Petitioner to twenty (20) years imprisonment and imposed a $200,000 fine on indictments 97-GS-39-1305 and

1307, and ten (10) years concurrent imprisonment and a $10,000 fine for indictment 97-GS-39-1306. 2005 App. pp. 24-25. Petitioner did not appeal his conviction or sentence.

Petitioner filed a Post-Conviction Relief (PCR) Application (97-CP-39-823) on October 31, 1997, in which he asserted the following grounds for relief:

>     1.    Ineffective assistance of counsel
>
>     2.    Constitutional violations
>
>     3.    Jurisdiction; Court didn't have jurisdiction.

1997 Application, p. 2.

He also filed an "Amended Application for Post Conviction Relief," in which he asserted the following grounds for relief:

>     A.    Court appointed counsel was ineffective in not appealing his guilty plea.
>
>     B.    Court appointed counsel did not properly and effectively advise applicant of the consequences of waiving his right to have the charges ... presented to the grand jury prior to ... entering a guilty plea.
>
>     C.    Court appointed counsel, Mr. Godfrey was ineffective in not objecting to the lack of jurisdiction of the circuit court for accepting a plea ... without a proper waiver of presentment ...
>
>     D.    Court appointed counsel did not properly and effectively advise Applicant in that Counsel permitted him to plead ... prior to "presentment" and without formally waiving presentment to the Grand Jury ...
>
>     E.    Court appointed counsel was ineffective for allowing Applicant to plea ...

2

>    F.    ... But for Counsel's failure to ... investigate, client would not have plead guilty.
>
>    G.    Providing improper sentencing advice which led to Defendant's guilty plea.
>
>    H.    Failure to object to the improper evidence (or) argument constituted ineffective assistance of counsel ...
>
>    I.    Applicant's guilty plea was not knowingly and voluntarily made ...
>
>    J.    Trial counsel failure to object to the admission of improper, illegally seized evidence ...
>
>    K.    Trial counsel was ineffective for allowing applicant to plead to charges ...
>
>    L.    Counsel was ineffective for not securing applicants constitutional rights ...
>
>    M.    Counsel was ineffective for not suppressing the illegally seized evidence of the residence ...
>
>    N.    Counsel was ineffective, because a lawyer who is not familiar with the facts and laws ...
>
>    O.    Court obtained counsel was ineffective for allowing applicant to plea ...

1997 Amended Application.

On December 29, 1997, Petitioner filed a pleading denominated "Additional Grounds for Post Conviction Relief" in which he asserted the following additional ground for relief:

>    1.    .. Applicant conviction was obtained in violation of his right to he effective representation of counsel ...
>
>    2.    Counsel was ineffective for failure to pursue a judicial recommendation for deportation ...

3

> 3. Counsel was ineffective, and should have research[ed] and investigate[d].

On October 28, 1998, the Honorable Larry R. Patterson held a hearing into the matter at the Pickens County Courthouse at which Petitioner was present and represented by Debra Y. Chapman, Esquire. Petitioner testified on his own behalf at the hearing and also presented his brother, Jose Bustos, and trial counsel Godfrey. The State presented the testimony of Jose Bustro's trial counsel, Ball. 2000 App. pp. 1-71.

On February 16, 1999, Judge Patterson filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order specifically addressed Petitioner's allegations that he received ineffective assistance of counsel because (1) counsel only met with him one time; (2) he never saw the videotape, never listened to the wiretap and never spoke to the investigator; (3) when counsel came to visit him, counsel was there to convince him to plead guilty and told him that Judge Pyle would give him ninety years if he did not plead guilty; (4) and he never saw any evidence in his case and never discussed any defenses. The Order also addressed the allegation that Petitioner's plea was not entered knowingly and voluntarily. Order of Dismissal.

A timely notice of appeal was served and filed. PCR counsel Chapman represented Petitioner in the PCR appellate proceedings. On August 24, 2000, Chapman filed a <u>Johnson</u> Petition for Writ of

4

Certiorari on Petitioner's behalf and moved to be relieved as counsel. Three questions Presented in the Petition:

> 1. Did the lower court err in finding that Petitioner's guilty plea was entered knowingly, intelligently and voluntarily?
>
> 2. Did the lower court err in holding that Petitioner's trial counsel was not ineffective for failing to argue the suppression of the search of the trailer and allowing Petitioner to plea to those charges?
>
> 3. Did the lower court err in holding that Petitioner's trial counsel was not ineffective for advising Petitioner that he could receive parole on his sentence?

2000 Petition for Writ of Certiorari at p. 1.

The South Carolina Supreme Court filed an Order on June 22, 2001, in which it denied certiorari and granted counsel's petition to be relieved. The South Carolina Supreme Court sent the Remittitur to the Pickens County Clerk of Court on July 10, 2001.

On June 14, 2002, Petitioner filed another PCR Application (2002-CP-39-924), in which he alleged the following grounds for relief:

> 1. Ineffective assistance of counsel.
>
> 2. Involuntary guilty plea.
>
> 3. Denial of fundamental fairness.

2005 App. pp. 27-37.

On December 2, 2002, Petitioner filed an Amended Application, in which he alleged the following grounds for

5

relief:

>    1.  Trial counsel was ineffective for failing to file my guilty plea.
>
>    2.  I was pressured and coerced into entering a guilty plea by my trial counsel.
>
>    3.  My trial counsel was ineffective for his erroneous advice ...
>
>    4.  The trial judge did not give mean explanation of the right to call witnesses
>
>    5.  Trial counsel was also ineffective for failing to safeguard Petitioner's property.

The State made its Return on June 5, 2003, in which it argued that the 2002 Application should be summarily dismissed because it was barred as successive under S.C. Code Ann. § 17-27-90 (1985); Aice v. State, 409 S.E.2d 392 (S.C. 1991), and because it was untimely under the one-year statute of limitations which governs the filing of PCR actions. S.C. Code Ann. § 17-27-45(A) (Supp. 2006). 2005 App. pp. 38-42.

On February 16, 2005, the Honorable John C. Few held a hearing into the matter at the Greenville County Courthouse. Petitioner was present and testified, represented by Harry Devoe, Esquire. The State presented the testimony of trial counsel Godfrey. 2005 App. pp. 43-66.

On February 16, 1999, Judge Few filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. 2005 App. pp. 67-71. The Order specifically addressed Petitioner's allegations that he received ineffective

6

assistance of counsel because his trial counsel had misadvised him on parole eligibility and deportation problems. 2005 App. pp. 67-71.

A timely notice of appeal was served and filed. Wanda H. Carter, Esquire, represented Petitioner in the appellate proceedings. On November 21, 2005, Carter filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf and moved to be relieved as counsel. One issue was presented in the Petition:

> The PCR judge erred in denying Petitioner's claim that he did not understand sentencing (parole) consequences because of a miscommunication between the interpreter, petitioner, and trial counsel.

2005 Petition for Writ of Certiorari at p. 2. On January 11, 2006, Petitioner submitted a <u>pro se</u> Petition for Writ of Certiorari in which presented the same issue as above.

The South Carolina Supreme Court filed an Order on February 2, 2006, in which it denied certiorari and granted counsel's petition to be relieved. The South Carolina Supreme Court sent the Remittitur to the Pickens County Clerk of Court on February 21, 2006.

The record here contains the following records:

> 1. The Appendix to the August 24, 2000, <u>Johnson</u> Petition for Writ of Certiorari (1 vol.) (including the PCR hearing transcript (97-CP-39-823); the Order of Dismissal (for co-defendant's PCR Case No. 97-CP-39-822); and the August 11, 1997, guilty plea transcript);

7

2. The Appendix to the November 21, 2005, <u>Johnson</u> Petition for Writ of Certiorari (1 vol.) (including the guilty plea transcript; the PCR Application (02-CP-39-924); the Return; the PCR hearing transcript; the Order of Dismissal; and the indictments);

3. The 1997 Application for Post Conviction Relief (97-CP-39-823);

4. The Amended Application for PCR;

5. The Additional Grounds for PCR;

6. The PCR Return;

7. The Order of Dismissal;

8. The 2000 <u>Johnson</u> Petition for Writ of Certiorari;

9. The Order of the state supreme court denying certiorari;

10. The Remittitur;

11. The "Issues for Amendment (PCR) Application" for 2002-CP-39-924;

12. The 2005 <u>Johnson</u> Petition for Writ of Certiorari;

13. The State's letter response to the 2004 <u>Johnson</u> Petition for Writ of Certiorari;

14. The <u>pro se</u> Petition for Writ of Certiorari;

15. The state supreme court's Order denying certiorari and granting counsel's petition to be relieved; and

20. The February 21, 2006 Remittitur.

**HABEAS ALLEGATIONS**

Petitioner presented the following grounds for relief in the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254:

> **GROUND ONE:** Ineffective assistance of counsel
>
> **SUPPORTING FACTS:** The Petitioner received ineffective assistance of counsel inasmuch counsel failed to: (a) fully inform petitioner of deportation consequences; (b) Ineligibility of parole status; (3) file a motion to supress (sic) (4th Amendment); and conduct reasonable investigations of petitioner's ability to read and write English participate in proceedings.
>
> **GROUND TWO:** Guilty plea involuntarily and unlawfully induced
>
> **SUPPORTING FACTS:** The petitioner was coerced into entering a plea of guilty without the ability to speak, read and write English; the petitioner waived numerous rights unintelligently by and through the illegally induced and coerced guilty plea.
>
> **GROUND THREE:** Conviction obtained by a violation of privilege against self incrimination
>
> **SUPPORTING FACTS:** The participation of petitioner's comments or statements during the guilty plea are in violation of the rule against self-incrimination, as the petitioner could not effectively waive his right to participate in those proceedings without fully speaking or understanding the English language. (Or the effects of such waivers due to incompetence).

The petitioner was provided a copy of the respondents' summary judgment motion on August 23, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules

9

of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on October 30, 2006. Hence it appears consideration of the motion is appropriate.

**STATUTE OF LIMITATIONS**

Giving the petitioner the benefit of the <u>Houston v. Lack</u>, 487 U.S. 266 (1987) "delivery" date, the instant petition was filed on April 18, 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. See, <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for state post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).

While state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>Coates v. Byrd</u>, 211 F.3d 1225, 1226 (11th Cir. 2000), it does not establish a right to file within one year after completion of collateral review. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (an

10

inmate does not have one year from the conclusion of state court collateral review; rather, one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. Crawley v. Catoe, 257 F.3d 395, 298-99 (4th Cir. 2001) (the tolling of habeas limitations period ended on date state supreme court denied petitioner's request for rehearing of reversal of grant of state habeas petition; the one-year limitations period was not tolled during the period that a petition for writ of certiorari to review the denial of state habeas corpus relief was pending before the United States Supreme Court).

## DISCUSSION

Dispositive of this matter is the respondents' contention that the instant petition is untimely having been filed outside the one-year limitations period in Section 2244(d)(1)(A).

Petitioner's state court convictions became final ten days after his August 11, 1997, guilty plea because he did not appeal and that was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See, Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction ···, a notice of appeal shall be served on all respondents within ten

11

(10) days after the sentence is imposed"). Therefore, Petitioner's convictions became final on August 21, 1997. Thereafter, he had one year within which to file a habeas corpus petition in this court.

On October 31, 1997, Petitioner properly filed his application for state post-conviction relief. At that point, seventy one (71) days of untolled time had passed since his convictions became final. The state PCR application tolled the statute until the process was completed when the South Carolina Supreme Court issued the Remittitur to the Pickens County Clerk of Court on July 10, 2001.

Petitioner then had two hundred ninety four (294) days to file his habeas corpus petition here. He did not do so. He filed here after four hundred and ten (410) days of untolled time[1] had passed after his conviction became final. Consequently, under controlling AEDPA law, Petitioner filed the instant petition beyond the limitation period and the petition should be dismissed on that basis alone.

---

[1] Petitioner properly filed a second PCR application on June 14, 2002, three hundred thirty-nine (339) days after the conclusion of the first PCR action and seventy-one (71) days between his conviction became final and he filed his first PCR, for a total of four hundred and ten (410) untolled days after his conviction became final. Petitioner was outside the limitations period at that point so this second post conviction relief action is irrelevant to calculations of the limitations period.

12

However, the petitioner argued that he is entitled to equitable tolling of the statute because "incorrect legal conclusions were conveyed by counsel to a person who could hardly understand or read the English language ... [which] creates extraordinary circumstances which were beyond the petitioner's control." (Opposition at 11). The Petitioner is not entitled to equitable tolling on these grounds.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, Respondents) prevented Petitioner from filing a petition, or

extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. See, Harris, 209 F.3d at 330. The instant petition meets none of these requirements.

Petitioner's argument is that he missed the deadline due to his limited grasp of the English language. He did not specify any time periods or provide other details. This simply does not amount to an extraordinary circumstance which would excuse delay. See, e.g., Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); Perez v. Ozmint, 2006 WL 783771 D.S.C. 2006); Cruz v. Warden, California Men's Colony, 2003 WL 22016786 (N.D.Cal. 2003) (general allegation of inability to speak English insufficient to toll statute of limitations); Furr v. Robinson, 2000 WL 152147 (E.D.Va. 2000); (illiteracy and ignorance of the law is not sufficient to create cause to lift or suspend a procedural bar to a federal cause of action); United States v. Maldanado, 1997 WL 360932 (E.D.Pa. 1997) ("That the defendant is not knowledgeable of the law is no excuse for failing to abide by the limitation period."); Bolds v. Newland, 1997 WL 732529 (N.D.Cal. Nov. 12, 1997)(finding equitable tolling

inapplicable because "ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances").

Under these facts and law, it appears that the petitioner is not entitled to equitable tolling of the AEDPA statute of limitations and the petition should be dismissed as untimely.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted and this matter ended.

                                        Respectfully Submitted,

                                        Robert S. Carr
                                        United State Magistrate Judge

Charleston, South Carolina

November **27**, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

16