## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Juan M. Bustos, ) | C/A No. 2:06-cv-1205-MBS |
| Petitioner, ) | |
| vs. ) | **OPINION AND ORDER** |
| Warden Faulkenberry; and Henry D. McMaster, Attorney General for South Carolina, ) ) ) | |
| Respondents. ) | |

Petitioner Juan M. Bustos is presently confined in the Kershaw Correctional Institution of the South Carolina Department of Corrections, pursuant to commitment orders from the Pickens County Clerk of Court. On April 18, 2006, Petitioner filed a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondents filed a motion for summary judgment on August 23, 2006. By Order issued August 25, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. After receiving an extension of time, Petitioner responded to the summary judgment motion on October 30, 2006.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the summary judgment motion and response and filed a Report and Recommendation on November 27, 2006. (*See* Magistrate Judge Robert S. Carr, Report and Recommendation (Entry 20).) The Magistrate Judge recommended that Respondents' motion for summary judgment be granted and the petition be dismissed with prejudice as untimely. *See* 28 U.S.C. § 2244(d) (setting forth a one-year limitations period). Petitioner filed an Objection to the Report on January 3, 2007.

The Magistrate Judge makes only a recommendation to the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. The court is charged with conducting a *de novo* review of the Report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**I.    FACTS.**

The facts underlying Petitioner's claims are set forth at length in the Magistrate Judge's Report, transcripts of prior state court proceedings, and the parties' submissions. On May 20, 1997, Jose Bustos, Petitioner's brother, sold a quantity of cocaine and marijuana to a confidential informant ("CI"). (Record at 15, *State v. Juan M. Bustos*, 97-GS-39-1305 (Ct. of Gen. Sessions 1997).) The CI subsequently arranged for a second buy on May 28, 1997 at an Easley, South Carolina hotel. (*Id.* at 16.) Surveillance cameras were installed at the hotel's parking lot and inside the CI's designated hotel room. (*Id.*)

On the day of the second buy, Jose Bustos arrived at the hotel in a truck, along with Petitioner and an unidentified third person. (*Id.*) Only the brothers entered the CI's hotel room. (*Id.*) The CI gave Jose Bustos eighteen thousand dollars. (*Id.*) Jose Bustos asked Petitioner to count the money. (*Id.*) Later, upon Jose Bustos' request, Petitioner left the hotel room, and removed a "tool bed, a tool container in the truck," containing a quantity of marijuana in a plastic bag. (*Id.* at 17-18.) Petitioner went back to the hotel room, and handed the tool bed to his brother. (*Id.* at 18.) At that time, state officers entered the hotel room and arrested the brothers. (*Id.* at 17.) The unidentified third person, who remained in the truck, escaped. (*Id.* at 18.) The entire drug buy was captured on the

surveillance cameras placed at the hotel. (*Id.* at 16-18.)

On or around July 1997, Everett P. Godfrey was appointed to represent Petitioner. (Record at 19, *Juan M. Bustos v. State*, 97-CP-30-822 (Ct. of Common Pleas 1998).) Attorney Godfrey testified to meeting with Petitioner three times. (*Id.* at 28.) During the first meeting, Attorney Godfrey was unable to communicate with Petitioner as Petitioner did not speak English. (*Id.* at 28.) During the second meeting, with the help of an interpreter, Attorney Godfrey discussed the case at great length with Petitioner. (*Id.*) Attorney Godfrey learned that Petitioner, an illegal alien, had just arrived in the United States a few months previously. (*Id.*) According to Attorney Godfrey, "[Petitioner] really didn't know what was going on, [Petitioner] didn't know his brother was that involved in it. [Petitioner] was extremely disturbed at the amount of time he was actually facing." (*Id.*) Attorney Godfrey discussed possible defenses with Petitioner, but noted that: "[Petitioner] was in the motel room and he counted money. And then he's the one that went for the drugs. And got the drugs out of the back of the truck and handed the bag to his brother. I don't really think that twelve people in this box would believe that he didn't at least have some knowledge of what was going on." (*Id.* at 23.)

During Attorney Godfrey's final meeting with Petitioner, Attorney Godfrey and the interpreter explained the terms of a plea agreement to Petitioner. (*Id.* at 21-23.) Petitioner signed the plea agreement. (*Id.*) In exchange for Petitioner's guilty plea, the Government dropped one of two counts charging cocaine trafficking to ensure Petitioner would not face a twenty-five year minimum sentence of imprisonment. (*Id.* at 17-18.) Petitioner pleaded guilty before the Honorable C. Victor Pyle on August 11, 1997 to trafficking of cocaine and to trafficking of marijuana. Petitioner was sentenced to twenty years of imprisonment on the cocaine charge and ten years on the

marijuana charge, to run concurrently. On August 21, 1997, Petitioner's time for seeking direct review expired, and his conviction became final. Seventy-one days of untolled time passed before Petitioner filed an application for state post-conviction relief on October 31, 1997. The South Carolina Supreme Court issued the remittitur to the Pickens County Clerk of Court on July 10, 2001, and three hundred and thirty-nine additional days of untolled time passed before Petitioner properly filed this habeas petition.

## II.     ANALYSIS.

Petitioner asserts that the Magistrate Judge erred in finding that his action is time-barred under 28 U.S.C. § 2244(d). § 2244(d) provides in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . . The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner fails to demonstrate any error in the Magistrate Judge's determination that a total of 410 days of untolled time passed from the date the one-year limitation's period commenced on August 21, 1997, and the filing of the § 2254 petition on April 18, 2006. Petitioner contends, however, that he should be entitled to equitable tolling of the one-year limitations period. The court disagrees.

The one-year limitations period is "subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

4

*Id.* at 330. Petitioner would be entitled to equitable tolling of the limitations period if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of Respondents prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 329-30.

The instant petition meets none of these requirements. Petitioner alleges that he missed the deadline due to his limited grasp of the English language. However, as noted by the Magistrate Judge, this does not amount to extraordinary circumstances excusing Petitioner's delay. *See Perez v. Ozmint*, 2006 WL 783771 (D.S.C. 2006).

### III.    CONCLUSION.

The court concurs in the Magistrate Judge's recommendation to **grant** Respondents' motion for summary judgment (Entry 13). For the reasons stated therein and in this order, the petition is dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**.

> S/ Margaret B. Seymour
> Margaret B. Seymour
> United States District Judge

February 14, 2007

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL
**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**